UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DENNIS STUMPF,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL GAME FISH ASSOCIATION,<br><br>Defendant. | Case No. 19-cv-01198-LB<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 1 |

Plaintiff Dennis Stumpf sued the International Game Fish Association ("IGFA"), charging breach of contract because the Association did not credit his application for a world record after he caught a largemouth bass fish at Echo Lake in Los Angeles, California, which is in the Central District of California.[1] The IGFA is a Florida not-for-profit corporation in Dania Beach, Florida.[2] Venue thus does not lie in the Northern District of California. The court orders Mr. Stumpf to

---

[1] Compl. – ECF No. 1 at 7, 11, 13. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mr. Stumpf corresponded with IGFA about his application at the corporation's principal address in Dania, Florida. *See id.* at 7; State of Florida, Division of Corporations website (with principal address) (http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=INTERNATIONALGAMEFISHASSOCIATI%207242950&aggregateId=domnp-724295-c35e56e3-4dc4-4806-b82a-133a9416f78d&searchTerm=International%20Game%20Fish%20Association&listNameOrder=INTERNATIONALGAMEFISHASSOCIATI%207242950) (last checked April 1, 2019). The court takes judicial notice of the public records on the website. *Lee v. County of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

ORDER – No. 19-cv-01198-LB

show cause in writing by April 16, 2019 why his case should not be transferred to the Central District of California for lack of proper venue.

"A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

If venue is improper, the court may either dismiss the case without prejudice, or, if it is in the "interest of justice," transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991). Ordinarily, the interest of justice requires transferring the case to a proper venue rather than dismissing the case. *See Baeta v. Sonchik*, 273 F.3d 1261, 1364–65 (9th Cir. 2001). An action may be transferred to another court if: (1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice. *Kinney v. Gutierrez,* No 3:16-cv-02278-LB, 2016 WL 4268679, at *2 (N.D. Cal. Aug. 15, 2016 (citing *E&J Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp 465, 466 (E.D. Cal. 1994)).

Because the IGFA does not reside here, and the fish was not caught here (and instead was caught in the Central District of California), venue is not proper in the Northern District and instead lies in the Central District of California.

By April 16, 2019, Mr. Stumpf must do one of the following: (1) show cause in writing (in no more than five pages) why the court should not transfer his case to the Central District of California; (2) file a statement of non-opposition; or (3) dismiss the case without prejudice by filing a one-page notice of voluntary dismissal.

**IT IS SO ORDERED.**

Dated: April 1, 2019

LAUREL BEELER
United States Magistrate Judge